**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                     **v.**        **10-CR-191A(Sr)**

**RODNEY HILL, et al.,**

        **Defendant.**
─────────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #3.

## PRELIMINARY STATEMENT

The defendant, Wardell Epps ("Epps"), along with nineteen others, is charged in a multi-count Superseding Indictment (Dkt. #296) with conspiracy to possess with intent to distribute cocaine and cocaine base (Count 3), possession with intent to distribute cocaine (Count 13) and seven counts of using a telephone to facilitate possession with intent to distribute and distribution of controlled substances (Counts 17-23).  What follows is this Court's Decision and Order with respect to defendant Epps' non-dispositive discovery motions and motion for joinder.  Dkt. ##263 and 397.

## **FACTS**

Defendant Epps and twenty-six others were charged in a Criminal Complaint on December 15, 2009 with cocaine-related drug trafficking offenses in violation of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846.  The Criminal Complaint, authorized by the undersigned, was supported by a 281-page affidavit of Federal Bureau of Investigation ("FBI") Special Agent Vanessa Paris alleging, *inter alia*, that six months of court-authorized intercepted telephone communications, controlled purchases, informant information and other evidence established the defendants' long-standing participation in the trafficking of multi-kilogram quantities of cocaine and cocaine base.

Defendant Epps was among the ten defendants indicted by a Federal Grand Jury on June 29, 2010.  Dkt. #1.  Thereafter, on May 3, 2011, a Federal Grand Jury returned a Superseding Indictment against Epps and nineteen defendants.  Dkt. #296.  Following his July 7, 2011 arraignment, defendant Epps continued to be released on bail.  Defendant Epps filed pretrial motions on December 1, 2010 (Dkt. #263)[1] and the government filed its opposition to Epps' pretrial motions on December 9, 2011 (Dkt. #371).  Oral argument on defendant Epps' motions was held on December 14, 2011.

---

[1] Although defendant Epps' motions were filed prior to the return of the Superseding Indictment, the government did not file its response until December 2011 and the Court will treat the pending motions as directed to the Superseding Indictment.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

   In nine separately lettered requests, the defendant seeks the following information: (a) the identity of all defendants who conspired to possess with intent to distribute cocaine and cocaine base; (b) a list of unindicted co-conspirators; (c) the times, dates and locations when and where defendant Epps and any other co-conspirators agreed to possess with intent to distribute cocaine and/or cocaine base; (d) all uncharged overt acts by Epps and any unindicted co-conspirators; (e) the identity of any government agent or employee present during the commission of any of the alleged acts; (f) the names of any person present when substantive acts allegedly took place; (g) whether Epps was talking to David Manuel on the dates and times listed in Counts 13-20[2] in furtherance of their intent to possess cocaine and cocaine base; (h) whether Epps attempted to distribute cocaine and/or cocaine base; whether he actually distributed cocaine and/or cocaine base and to whom Epps attempted or actually distributed controlled substances; (i) the times and locations within the Western District of New York that Epps possessed cocaine and provide any lab tests intended to confirm that the substance contained cocaine.  Dkt. #263, pp. 3-7.

   In its response to defendant Epps' request for particularization of the conspiracy charge, the government asserts that what the defendant seeks is a bill of particulars regarding the development of the conspiracy.  Dkt. #371, p.4.  In addition,

---

[2] Counts 13-20 in the original Indictment are identical to Counts 17-23 in the Superseding Indictment.

the government asserts that it should not be required to furnish particulars relating to

the formation of a conspiracy, including when and how it was formed and when a

particular defendant joined, because such details need not be proven at trial.  *Id*.  The

government also states,

> [i]t should also be noted that the Indictment and
> Superseding Indictment were preceded by 281 page criminal
> complaint, which criminal complaint provides a great deal of
> detail as to the instant charges and the defendant's conduct
> encompassed by this indictment.  Many of the particulars
> sought by the defendant could be derived simply by reading
> the criminal complaint which preceded this indictment.

Dkt. #371, p.5.  Finally, the government states,

> [b]ecause the defendant will have full discovery, exculpatory
> and impeachment material, a witness list, exhibit lists,
> including § 3500 materials, well in advance of the trial, he
> will not be surprised by the evidence against him or be
> subject to future jeopardy in a way he might otherwise justify
> ordering any of the particulars that he requests.

*Id*. at pp.5-6.


It has become axiomatic that the function of a bill of particulars is to

apprise a defendant of the essential facts of the crime for which he has been charged.

*United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S.

985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the

Superseding Indictment, along with the discovery materials provided by the

government, clearly inform the defendant of the essential facts of the crimes charged.

As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being

sought for that purpose.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars
> rests within the sound discretion of the district court."  *United
> States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary
> detail is not the function of the bill of particulars."  *Hemphill
> v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.*

*Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.

1690 (2008).


**Disclosure of Informant Information**

        The defendant requests the disclosure of the names, addresses and

criminal records of all informants utilized by the government in its investigation of this

case.  Dkt. #263, pp.7-8.  In its response, the government states that such disclosure is

unwarranted at this time.  Dkt. #371, p.6.  Relying principally on *Roviaro v. United*

*States*, the government states in its response that the disclosure of the names,

addresses and other information pertaining to government informants is unwarranted.

In order for disclosure to be warranted, the informant's testimony must be material to

the defense presented and the defendant must make some evidentiary showing demonstrating why the informant's testimony is significant to determining the defendant's guilt or innocence.  *Id.*

In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United*

*States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).  Absent the defendant stating a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case, the defendant's request is denied without prejudice.

Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case.   Accordingly, defendant's request is denied without prejudice.

**Discovery**

As a threshold matter, the defendant acknowledges that the government has provided some voluntary discovery.  Dkt. #263, pp.9-10.  By this request, however, the defendant "moves to compel discovery of all items or information to which the Defendant is entitled."  *Id*.  Moreover, the defendant specifies the following nine separately lettered requests: (a) records, including reports and/or logs regarding radio transmissions from the officers at any "crime scene" regarding the investigation; (b) reports relating to the booking process; (c) reports and/or test results relating to forensic tests run, including DNA and/or fingerprint analysis and laboratory analysis of controlled substances; (d) photographs taken relating to investigation; (e) documents and photographs seized on the day of any search; (f) inspection of all items seized from the defendant on the day of his arrest; (g) names and identities of expert witnesses, their qualifications, such of testimony, reports, results of tests, examinations or experiments; (h) any other search warrant, arrest warrant, wiretap order and/or surveillance order applied for and/or issued or denied during investigation; and (I) written notification pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure of any evidence on which the government intends to rely that may be the subject of a motion to suppress and to which the defendant is entitled to discovery pursuant to Rule 16.  *Id*.

In its response, the government states that since the return of the

Indictment, the government has complied and intends to continue to comply with the

requirements of Rule 16 of the Federal Rules of Criminal Procedure.  Dkt. #236, p.13.

Specifically, the government states,

> [t]o that end, the United States provided comprehensive
> voluntary discovery in both the Indictment and Superseding
> Indictment portions of this case. On July 26, 2011, in
> accordance with the Court's scheduling order, the
> Government provided a complete set of digitized CDs to
> each defendant's attorney, which included all evidence in
> the Government's possession to which the defendant's [sic]
> were entitled under Rule 12 and Rule 16. Additionally, all
> physical evidence recovered in connection with this
> investigation is, and has been, available for inspection by the
> defendant's attorney. From a review of defendant's motion, it
> appears to be in large part a boilerplate recitation of
> discoverable items without regard to what has already been
> provided. If, upon careful review of said discovery, counsel
> finds any discrepancies in what the Government has stated
> it provided, counsel is invited to bring it to the prosecutor's
> attention and such items will be provided immediately.
>
> As the government identifies any other evidence which falls
> within the scope of Rule 16, it will provide such evidence to
> defendants and their counsel. The government will continue
> to comply with its continuing duties to disclose set forth in
> Rule 16(c). The government herein notifies the defendant
> that it may introduce all of this evidence at trial. Expert
> disclosures and expert summaries will be provided as expert
> witnesses who will testify at trial are identified by the
> government.
>
> The government believes it is in full compliance with Rule 12
> and Rule 16 discovery. Correspondence previously provided
> to all defense counsel, itemizing materials voluntarily
> provided, is attached hereto and incorporated by reference
> as **Exhibit A.**

Dkt. #371, pp.7-8.  Based on the representations made by counsel for the government,

defendant Epps' motion for discovery is denied as moot.

**Brady Material**

Within his broad request labeled "*Brady* Material," the defendant seeks

disclosure of the following categories of documents,

> statements, Grand Jury testimony, witnesses, books,
> papers, reports, photographs, handwritten notes, synopses
> of statements made by witnesses, or any other tangible
> items of evidence in the custody and control of the
> Government or any Governmental agency or agents working
> with or under the supervision of the Government.
> Specifically, this request includes, but is not limited to, the
> following: a. The names, titles and addresses of any person
> who has conducted any tests and/or analysis of any kind
> and/or prepared any reports relating to this case, with any
> law enforcement or Government agency whatsoever. b. Any
> negative or inconclusive test results and/or reports on any
> fingerprint and/or DNA analyses and/or tests conducted in
> this case. c. Any records of employment discipline or
> sanction for any of the Government's law enforcement
> witnesses. and d. Any records of statements made to any
> law enforcement agents including as a part of Immigration
> proceedings.

Dkt. #264, pp.10-14 (internal citations omitted).  Thus, the Court will treat this request

principally as one for *Brady* and *Giglio* material.  In its response the government states,

> [d]efense counsel has also requested the production of any
> Brady/Giglio material in the government's possession.  This
> request is unnecessary, as the government acknowledges
> its affirmative and continuing duty to produce exculpatory
> evidence and evidence the defense might use to impeach
> the government's witnesses. . . . Here, the government
> agrees to provide impeachment material, i.e., promises of
> leniency or immunity agreements with government
> witnesses, plea and/or non-prosecution agreements and
> letters or memorandum of understanding regarding such,
> criminal arrest records of all prosecution witnesses, immoral,
> vicious or criminal acts committed by witnesses, prior
> inconsistent statements, and payments to witnesses or
> family members thereof, and all other promises or
> considerations given by government personnel to
> government witnesses or family members thereof.  Such

> production shall occur according to the schedule set by the
> Court prior to trial and no later than when the government
> produces any Jencks Act material.

Dkt. #371, pp.8-9.

"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*.

at 144.  With respect to impeachment material that does not rise to the level of being

*Brady* material, such as *Jencks* statements, the prosecution is not required to disclose

and turn over such statements until after the witness has completed his/her direct

testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d

283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such

materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling

order to be issued by the trial judge.

Based on the representations made by counsel for the government as to

its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the

government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials

to the defendant.

**Rule 404(b), 608 and 609 Material**

By this request, the defendant "respectfully requests that the Government

notify the Defendant of any evidence that the Government contends would be

admissible under Rule 404(b) of the Federal Rules of Evidence."  Dkt. #263, p.14.  In

addition, the defendant also requests pretrial disclosure of any other evidence the

Government intends to use to impeach the defendant's credibility should he choose to

testify.  The defendant also requests a pre-trial hearing to determine the admissibility of

such evidence.  *Id*. at p.15.  Moreover, the defendant also requests discovery of all

information pertaining to the character and/or conduct that may be used to impeach any

witness the government intends to call.  *Id*.  In its response, the government states that,

> [d]efendant has also requested notice of evidence the
> government will seek to introduce pursuant to Federal Rules
> of Evidence 404(b), 608 and 609.  The government will
> advise of its intent to use "other acts" evidence pursuant to
> Fed.R.Evid. 404(b), or evidence pursuant to Fed.R.Evid.
> 608(b) and 609, at the time it is ordered to do so, which, the
> general custom in this District is two to four weeks prior to
> trial together with <u>Jencks</u> material, as ordered by the trial
> judge.

Dkt. #371, pp.10-11.

Rule 404(b) only requires that "the prosecution. . . provide reasonable

notice in advance of trial. . . of the *general* nature of any such evidence it intends to

introduce at trial." (Emphasis added).  Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot.  The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.  Accordingly, the defendant's request for an Order with respect to admissibility of such evidence is denied.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is denied.  With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot.  The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

**Witness Statements**

By this request, the defendant seeks the early disclosure of witness

statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #263, pp.15-

16.   With respect to defendant Epps' request for *Jencks* Act material, the government

states,

> [t]o the extent not already provided, the government will
> disclose written witness statements and investigative agency
> or police department memoranda of witness interviews no
> later than two weeks prior to trial, as is customarily ordered
> in this District.   . . . The government declines to provide
> statements and the identities of persons interviewed who will
> not be called to by the government.

Dkt. #371, p.11 (internal citations omitted).


As noted above, with respect to impeachment material that does not rise

to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not

required to disclose and turn over such statements until after the witness has

completed his direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re*

*United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a

policy of turning such materials over to the defendant prior to trial, the government shall

comply with that policy; or in the alternative, produce such materials in accordance with

the scheduling order to be issued by the trial judge.


Based on the representations made by counsel for the government, that it

will comply with the trial judge's pretrial order concerning the disclosure of witnesses'

statements, the defendant's request is denied.  Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.


**Preservation of Rough Notes**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation, regardless of whether or not the contents of the notes are incorporated in official records.  Dkt. #263, pp.16-17.  In addition, the defendant also requests an Order from this Court directing the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of defendant.  *Id*.  In its response, the government states,

> [t]he government has no particular objection to this request; indeed, all federal law enforcement agencies already preserve such notes.  Further, the government will request the agents to retain their notes relevant to this investigation, which notes have not resulted in the preparation of a final report.

Dkt. #371, p.12.


Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its

agreement to instruct the agents to retain and preserve rough notes, the express

admonition of the Court of Appeals for the Second Circuit bears repeating in addressing

this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future
> efforts to justify non-production of a Rule 16 or Jencks Act
> "statement" by reference to "departmental policy" or
> "established practice" or anything of the like.  There simply is
> no longer any excuse for official ignorance regarding the
> mandate of the law.  Where, as here, destruction is
> deliberate, sanctions will normally follow, irrespective of the
> perpetrator's motivation, unless the government can bear
> the heavy burden of demonstrating that no prejudice
> resulted to the defendant. . . .  We emphatically second the
> district court's observation that any resulting costs in the
> form of added shelf space will be more than
> counterbalanced both by gains in the fairness of trials and
> also by the shielding of sound prosecutions from
> unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

material in this case.


**Participation in Voir Dire**

The defendant requests this Court to issue an Order allowing

"active Counsel participation in *voir dire*."  Dkt. #263, p.17.  The defendant does,

however, acknowledge that "the Court conducts *voir dire* without attorney participation

or with little attorney participation in the usual case, the Defendant requests some chance, however modest, to participate in jury selection." *Id*. More specifically, the defendant maintains that *voir dire* is a critical stage of the criminal proceeding and in order for it to be meaningful and to ensure a fair and impartial jury, active counsel participation, "through at least a thirty minute opportunity for Defense Counsel to question jurors, should be granted." *Id*.

Conducting *voir dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned. However, the trial judge has discretion to allow participation in the *voir dire* process by counsel for the parties in a manner designated by said trial judge. Rule 24(a) Federal Rules of Criminal Procedure. Therefore, defendant's request is denied by this Court without prejudice, and it may be renewed by counsel before the trial judge.

**Production of Government Summaries**

By this request, the defendant seeks an Order permitting him to inspect the summaries the government intends to use at trial pursuant to Rule 1006 of the Federal Rules of Evidence, and original books, records, or documents that serve as the basis for any such summaries. Dkt. #263, pp.18-19. In its response, the government states, "[t]he government has no particularized objection to this motion. All government summaries and reports will be made available to the defendant prior to trial."

Dkt. #371, p.13.   Rule 1006 of the Federal Rules of Evidence does not provide for production of such "summaries" within an express time period; nor do any of the Rules of Criminal Procedure create such a requirement.   Ordinarily, this Court would find that this is an issue that is best left for resolution by the trial judge to whom this case has been assigned, and it can be discussed at the appropriate pre-trial scheduling conference with said trial judge.   However, because the government has not objected to this request and has agreed to disclose the summaries and reports, defendant's request is granted.

**Voir Dire of Expert Witnesses**

By this request, the defendant seeks an Order permitting his counsel to conduct *voir dire* of any proposed government expert witness at trial outside the presence of the jury.   Dkt. #263, pp.19-20.   In support of his request, the defendant asserts that "[t]his appears to be a case where expert testimony is neither needed nor appropriate.   However, Defendant makes this motion so that if the Government subsequently identifies any experts, Defendant may *voir dire* the expert outside the presence of the jury.   Defendant is entitled to challenge the competence of the Government's proposed experts and the admissibility of his/her testimony."   *Id*. at p.20 (internal citations omitted).

In its response, the government states that a determination of this request "is more appropriately resolved by the District Court Judge presiding over the trial in this

case." Dkt. #371, p.13.  In addition, the government states, "the government will provide expert disclosures and expert summaries as the government identifies expert witnesses who will testify at trial consistent with the District Court's standar [sic] pre-trial oder [sic] and the timing of expert summaries." *Id*. at p.14.  Insofar as the government appears to concede that it intends to rely on expert testimony and will comply with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence concerning pretrial disclosure of documents and information relating to those experts, any motion *in limine* concerning the credibility of the proposed government expert witness and the admissibility of any expert's testimony should be left to the discretion of the trial judge. Accordingly, defendant's motion concerning *voir dire* of an expert witness outside the presence of the jury is premature and is denied as moot.

**Production of Grand Jury Transcripts**

By this request, the defendant seeks an Order pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure for the disclosure of the transcripts of the testimony and all exhibits presented to the Grand Jury that indicted the defendant.  Dkt. #263, p.21.  In support of his request, the defendant argues that he,

> is the subject of a bare bones Indictment that does not state any particular act or overt acts that he committed in the course of the alleged criminal activity.  Epps has no notice of who the witnesses against him will be.  The particularized need justifying disclosure is so that Epps is informed of what evidence actually exists against him, and so he can intelligently make a decision as to his course of action.

Dkt. #263, p.21.  The government opposes this request claiming that defendant Epps'

articulated need, *to wit*: preparation of his defense, lacks merit.  Dkt. #371, pp.14-17.  In

its response, the government relies on the well-settled case law that requires a showing

of particularized need sufficient to outweigh the general policy of grand jury secrecy.

More specifically, the government argues,

> [i]n the instant case, the defendant has provided no basis for
> disclosure of Grand Jury transcripts beyond conclusory
> claims that Grand Jury transcripts are necessary in order to
> prepare a defense.  Given the voluminous discovery
> provided, the preceding 281 page criminal complaint, and
> the recorded conversations provided, the defendant has
> more than sufficient information to prepare a defense.  The
> defendant has not made any showing of governmental
> misconduct, and the defendant's motion is void of any
> specific allegations of governmental misconduct which would
> justify disclosure of Grand Jury transcripts.

Dkt. #371, pp.16-17.


It is a long-established rule that "[t]he burden. . . is on the defense to show

that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400

(1959).  Here, the assertion of the defendant as to his "particularized need" is legally

insufficient to require disclosure of the grand jury proceedings as requested by him.  It

is pointed out that transcripts of grand jury testimony of witnesses called by the

government to testify at trial must be made available to the defendant pursuant to and

in accordance with the provision of 18 U.S.C.  § 3500.  It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).  Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).  Therefore, defendant's request for

disclosure of the grand jury proceedings is denied.


**Exclusion of Hearsay Evidence**

By this request, the defendant seeks an Order precluding any evidence

that is barred by the United States Supreme Court's decision in *Crawford v.*

*Washington*, 541 U.S. 36 (2004).  Dkt. #263, pp.21-22.  In its response, the government

states that it,

> does not intend to offer inadmissible testimonial evidence at
> trial.  In any event, the defendant's conclusory motion, which
> misconstrues applicable law, should be denied.
> Nonetheless, should any of the government's evidence at
> trial implicate <u>Crawford</u>, the government will make the
> declarant available for cross examination.

Dkt. #371, p.17.  Insofar as the defendant's request relates to evidentiary issues that

may arise at trial, this matter should be left to the discretion of the trial judge.


**Suppression of Statements**

By this request defendant Epps states,

> [t]he Government has not provided the Defense with a
> Report of Investigation which summarizes any alleged
> statements attributed to the Defendant by law enforcement.
> Defendant is not aware of any such statements which may

be subject to a Fifth or Sixth Amendment challenge.  Epps
requests that the Government be precluded from offering
any statements to law enforcement officers or any agents of
same for lack of notice.

Dkt. #263, p.22.  The government responds simply by stating that because the

defendant acknowledges that he is not aware of any statements, the motion is moot.

Dkt. #371, p.18.  To the extent that at the time of trial the government seeks to offer

such statements, the admissibility of such statements should be left to the discretion of

the trial judge.


**Motion to Suppress Evidence**

By this request the defendant states, "[d]efendant is not aware of a search

of his person or premises which may be subject to a Fourth Amendment challenge.

Epps requests that the Government be precluded from offering the fruits of any such

search for lack of notice."  Dkt. #263, p.22.  The government responds simply by stating

that because the defendant acknowledges that he is not aware of any search of his

person or premises, the motion is moot.  Dkt. #371, p.18.  To the extent that at the time

of trial the government seeks to offer such evidence that was obtained by reason of

such a search, the admissibility of such evidence should be left to the discretion of the

trial judge.


**Leave to Make Other Motions**

By this request, the defendant, "respectfully moves the Court for an Order

allowing him to make further and additional motions, which may be necessitated by due

process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the Government or investigation made by the Defense, and/or by any information provided by the Government in response to the Defendant's demands." Dkt. #263, p.22.  Subject to the limitations contained in the aforesaid quotation, the defendant's request to make further and additional motions that may be necessary is granted.


**Motion for Joinder**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #263, p.24 and Dkt. #397.  These requests are granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.


**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #371, pp.19-20.  The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert

witness testimony that the defendant intends to use at trial.  Since the defendant has

moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to

Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the

Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule

58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments,

case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v.

Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure

to file objections within the specified time or to request an extension of such time

waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140

(1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

-24-

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
            April 4, 2012

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**